UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES A. LOMAX, )<br>)<br>Petitioner, )<br>v. )<br>)<br>SUPERINTENDENT, Miami )<br> Correctional Facility, )<br>)<br>Respondent. ) | No. 1:07-cv-1266-DFH-JMS |

**Entry Discussing Petition for Writ of Habeas Corpus**

Having considered the pleadings and the expanded record in this action for a writ of habeas corpus brought by James Lomax ("Lomax"), the court concludes that this action must be **dismissed with prejudice.** This conclusion is based on the following facts and circumstances:

1. Because Lomax's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

2. Lomax challenges his December 3, 2002, convictions for drug offenses entered in the Marion Superior Court following his trial by jury and the jury's verdicts. His conviction was affirmed on direct appeal in *Lomax v. State,* No. 49A02-0301-CR-00051 (Ind.Ct.App. December 18, 2003). Lomax did not seek transfer of that decision and did not file a petition for a writ of certiorari. Accordingly, his conviction became "final" for the purpose of computing the statute of limitations here on March 18, 2004, the last day on which he could have filed a petition for a writ of certiorari with respect to the decision in his direct appeal. See *Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

3. The running of the statute of limitations began on March 19, 2004, and unless tolled the statute of limitations would have expired one year later, March 19, 2005. The running of this statutory period was tolled while any properly filed action for post-conviction relief was pending. See 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court).

4. On August 17, 2004, Lomax filed a petition for state post-conviction relief. The trial court denied that petition on November 6, 2006. Lomax did not appeal that ruling. Thus, Lomax used 151 days of his 1-year statute before filing his petition for post-conviction relief on August 17, 2004. This left 214 days of the statute remaining when the post-conviction petition was denied on November 6, 2006. His next filing in state court occurred on April 18, 2007, when he filed a petition for modification of sentence. That petition was denied 3 weeks later on May 11, 2007. Lomax attempted to file a belated notice of appeal on September 5, 2007, but this effort was rejected on September 17, 2007. The present action was then filed, based on a habeas petition Lomax signed on September 21, 2007, and which was filed with the clerk on October 1, 2007.

5. The significance of the dates chronicled in paragraph 4 of this Entry is that the statute of limitations expired 214 days after the denial of his petition for post-conviction relief on November 6, 2006. This date was June 8, 2007. Lomax's subsequent filing in the trial court seeking modification of his sentence did not affect the running of the statute of limitations because that matter was not an action for post-conviction relief. Even if the court concluded otherwise, however, motion for modification of sentence was pending for a brief 3-week period in April-May 2007. This time period would not have caused the habeas petition signed on September 21, 2007, to have been timely submitted.

6. The filing of this action in September 2007, was more than two months after the statute of limitations expired. Lomax suggests that his post-conviction action is still pending, because he never received a separate judgment accompanying the court's ruling on the motion, but he does not dispute that he timely received notice of that ruling and that was sufficient to permit him to appeal.

7. The statute of limitation in Section 2244(d) "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). In this case, Lomax has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 4/21/2008